UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | Case No. 09-14661 |
| Plaintiff, | Gerald E. Rosen |
| vs. | United States District Judge |
| CHARLES REMUS, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**DISMISSAL OF PLAINTIFF'S COMPLAINT (Dkt. 1)**

**I.   PROCEDURAL HISTORY**

On December 1, 2009, plaintiff filed a complaint against a host of former employees and the City of Detroit Board of Education along with several Michigan Freedom of Information Act (MFOIA) "technicians." (Dkt. 1). Plaintiff applied for, and was granted, permission to proceed in this matter *in forma pauperis*. (Dkt. 2, 3). This matter was referred to the undersigned for all pretrial purposes by District Judge Gerald E. Rosen on December 8, 2009. (Dkt. 4).

Plaintiff purports to bring claims against several defendants under 42 U.S.C. §§ 1983, 1985, and 1986 for the violation of his constitutional rights. All of the actions comprising plaintiff's constitutional claims occurred between 1974 and 1977 while he was a student at Henry Ford High School. Plaintiff brings his

1

Report and Recommendation
Dismissal of Plaintiff's Complaint
*O'Neal v. Remus*; 09-14661

complaint to the more recent past with his claims relating to violations of the MFOIA, which involve his attempt to obtain school records from when he was a high school student in the 1970s. Plaintiff also attempts to bring a claim under § 1983 for alleged violations the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, along with claimed violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).

For the reasons set forth below, the undersigned **RECOMMENDS** that this matter be **DISMISSED** pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(1) because plaintiff has failed to state any discernable claim for relief and this Court has no subject matter jurisdiction.

## II. ANALYSIS

### A. Legal Standards

Title 28 U.S.C. § 1915 is "meant to ensure indigent litigants meaningful access to federal courts and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated." *Price v. Heyrman*, 2007 WL 188971, *1 (E.D. Wis. 2007) (internal citations omitted), citing, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997), overruled on other grounds by *Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."); *see also Stefanski v. Kammeyer*, 2008 WL

2

Report and Recommendation
Dismissal of Plaintiff's Complaint
*O'Neal v. Remus*; 09-14661

2062775, *1 (N.D. Ind. 2008) (same). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may screen the complaint before service on the defendants, and *must* dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim on which relief may be granted. *Price*, at *1, citing, *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court is authorized to dismiss a claim as frivolous where "it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Price*, at *1, citing, *Neitzke*, 490 U.S. at 327.

Moreover, a district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing, *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.). In considering whether a complaint should *sua sponte* be dismissed for lack of subject matter jurisdiction, the Court is especially mindful that a *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell*, 140 F.Supp.2d 748, 754 (E.D. Mich. 2001), citing,

*Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Trustees. of Rex Hospital*, 425 U.S. 738, 740 (1976). Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven*, 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." *Id*. After a thorough and careful review of plaintiff's complaint, taking all allegations as true and construing them liberally, the undersigned is unable to discern any cognizable cause of action over which this Court might have jurisdiction and therefore recommends dismissal of plaintiff's complaint with prejudice for the reasons set forth below.

    B.    <u>Statute of Limitations</u>

Statutes of limitation are established to extinguish rights, justifiable or not, that might otherwise be asserted. *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947). They are designed, among other things, to compel plaintiffs to exercise their rights of action within a reasonable time; to protect potential defendants from the protracted fear of litigation; and to promote judicial efficiency by preventing

defendants and courts from having to litigate stale claims. *Moll v. Abbott Labs.*, 444 Mich. 1, 14, 506 N.W.2d 816 (1993); *see also, U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 503 (6th Cir. 1998). As such, these statutory restrictions are not simply technicalities; rather, they are fundamental to a well-ordered judicial system. *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980). It is evident from the face of plaintiff's complaint that any constitutional claim that might have existed from actions taken during the years 1974 through 1977 are long since barred by the statute of limitations[1]. Plaintiff's state law claims of fraud, gross negligence, negligence, and "wanton and reckless disregard"[2] are also based on acts that occurred between 1974 and 1977 and are similarly barred by the applicable statutes of limitations. Plaintiff's allegations that he was prevented from bringing these claims earlier because of a mental illness

---

[1] Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), citing *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008), citing, Mich. Comp. Laws § 600.5805(10).

[2] Under Michigan law, a fraud claim has a six-year statute of limitations. Mich. Comp. Laws § 600.5813. All other personal claims that do not fall under § 5805(10) are subject to a six year limitation period. Mich. Comp. Laws § 600.5813

Report and Recommendation
Dismissal of Plaintiff's Complaint
*O'Neal v. Remus*; 09-14661
5

does nothing to toll the statute of limitations because he claims the mental illness began in 1994 after a motor vehicle accident. The statute of limitation for claims arising from events that occurred in the 1970's expired long before 1994. Plaintiff's mental illness, which he claims arose in 1994, does not "revive" an expired statute of limitations.

Plaintiff also claims that the alleged bad actors who fraudulently changed his school records in the 1970's caused him to be denied admission to Alabama South University College in May 2009 and that he can bring this claim, notwithstanding the statute of limitations. Plaintiff alleges that defendants caused him to be denied admission to a Minneapolis community technical college in 2008 when they attempted to "conceal known fraudulent actionable wrongdoings." Plaintiff appears to be alleging that the statute of limitations on his claims arising from events in the 1970s should be tolled based on the fraudulent concealment doctrine. Michigan law provides that the statute of limitations may be tolled where a defendant has concealed the facts giving rise to the cause of action:

> If a person who is or may be liable for any claim
> fraudulently conceals the existence of the claim or the
> identity of any person who is liable for the claim from the
> knowledge of the person entitled to sue on the claim, the
> action may be commenced at any time within 2 years
> after the person who is entitled to bring the action
> discovers, or should have discovered, the existence of the
> claim or the identity of the person who is liable for the
> claim, although the action would otherwise be barred.

Mich. Comp. Laws § 600.5855. The acts constituting fraudulent concealment are "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Evans v. Pearson Ent. Inc.*, 434 F.3d 839, 851 (6th Cir. 2006), quoting, *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975).

Plaintiff's apparent claim of fraudulent concealment fails because he does not claim that the alleged wrongdoers from the 1970s did anything to wrongfully conceal their actions. Rather, he claims that current Detroit Board of Education employees took actions that concealed alleged wrongdoing from the 1970s. Even if that is true, such actions by current Board of Education employees do not "revive" a long since stale claim against other Board of Education employees. Thus, plaintiff's claims arising from any events that occurred in the 1970s are barred by the statute of limitations.

C. FERPA

Plaintiff also attempts to invoke federal question jurisdiction through Title IV of the FERPA. Plaintiff claims that the actions of certain defendants in "falsifying" his high school records caused him (which he says is a violation of FERPA) to be unable to obtain higher education funding. The Supreme Court has plainly spoken on this issue and held that there is no private right of action under

FERPA or under § 1983 for a violation of FERPA. *Gonzaga University v. Doe*, 536 U.S. 273, 287 (2002).[3] Thus, plaintiff's claim fails as a matter of law.

  D. ADA/RA

Plaintiff also claims that these defendants should have known that he is disabled and their actions, therefore, also violated the ADA and RA. As a preliminary matter, only public entities[4] may be sued under the ADA and RA. The ADA and RA prohibit public entities and those who receive federal funding, respectively, from discriminating on the basis of an individual's disability in the provision of services, programs, or activities of a public entity: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entities." 42 U.S.C. §

---

[3] In *Gonzaga*, the plaintiff was a former undergraduate student in Gonzaga University's School of Education. He planned to teach at a Washington public elementary school, which, at the time, required all teachers to obtain an affidavit of good moral character from a dean of their undergraduate university. Allegations of sexual misconduct had been made against the plaintiff and an investigation launched. In addition, the state agency responsible for teacher certification was contacted and told about the allegations. The plaintiff was informed about six months after the revelation to the state certifying agency that he would not receive the required affidavit. He sued and won a jury verdict in state court, which was ultimately overturned by the United States Supreme Court.

[4] The term "public entity" is defined, in relevant part, under the ADA § 12131, "Definitions," as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."

12132.[5] Thus, the question is whether any defendant falls into the definition of an "entity" under the ADA or RA. The answer is dependent on whether a suit is brought against them in their individual or official capacities. Plaintiff's complaint is unclear on this point, so the undersigned will address both capacities.

It is well-established that public employees may not be sued in their individual capacity under the ADA and RA. *Williams v. McLemore*, 247 Fed.Appx. 1 (6th Cir. 2007); *see also, Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n. 1 (6th Cir. 1999) (holding that the ADA does not permit public employees or supervisors to be sued in their individual capacity). Thus, plaintiff's claims under the ADA and RA against all defendants in their individual capacity fail as a matter of law. An ADA and RA suit may be brought against a public entity by naming the entity itself or by suing an agent of an entity in his official capacity. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."[6] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978).

---

[5] "Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act...claims brought under both statutes may be analyzed together." *Thompson v. Williamson Co.*, 219 F.3d 555, 557, n. 3 (6th Cir. 2000), citing, *Maddox v. University of Tenn.*, 62 F.3d 843, 846, n. 2 (6th Cir. 1995).

[6] As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

To establish a *prima facie* case under ADA/RA, a plaintiff must show that he or she: "(1) [is] disabled under the statute, (2) [is] 'otherwise qualified' for participation in the program, and (3) [is] being excluded from participation in, denied the benefits of, or subjected to discrimination under the program by reason of his or her disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445 (6th Cir. 2008), citing, *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 846 n. 2 (6th Cir. 1995). If any element is missing, then plaintiff's claim fails as a matter of law. *Owens v. O'Dea*, 1998 WL 344063 (6th Cir. 1998); *Sandison v. Michigan High Sch. Athletic Ass'n. Inc.*, 64 F.3d 1026 (6th Cir. 1995).

Assuming that plaintiff can proceed against defendants (against whom claims are not otherwise barred by the statute of limitations), the undersigned suggests that plaintiff has not adequately pleaded violations of the ADA or the RA as to any defendants, because both statutes require a showing that plaintiff was denied benefits, services or programs or was otherwise discriminated against solely on the basis of a disability. A person is a "qualified individual" under the ADA and RA if he or she is qualified to receive the benefits of a public service, program, or activity. *Spencer v. Earley*, 2008 WL 2076429, at *5 (4th Cir. 2008), citing, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 497, 498 (4th Cir. 2005). Plaintiff has not identified any public service, program, or activity provided by the Detroit Board of Education that he claims to have been denied.

Plaintiff appears to be alleging that defendants, by either failing to provide documentation in violation of MFOIA or providing false information in violation of FERPA, violated the ADA and the RA. Nothing in the ADA or RA or the case interpreting these statutes suggests that the violation of the FERPA of MFOIA is the equivalent of the denial of a public service, program, or activity, under the ADA/RA. Moreover, such an expansive interpretation would be contrary to the Supreme Court's decision in *Gonzaga* that the FERPA does not provide a private right of action and would contravene the limited remedies expressly available under MFOIA.

In addition, the term "disability" is defined to include "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12131(2). The implementing regulations, in turn, define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[7] 29 C.F.R. § 1630.2(I). The ADA requires those "claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by

---

[7] In two companion decisions, the Supreme Court held that a court must look at an ADA plaintiff's impairment after corrective measures are taken (e.g., medication, eyeglasses, surgery) in order to determine whether such an impairment was substantially limiting to the plaintiff's major life activities. *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).

their impairment] in terms of their own experience . . . is substantial." *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1194 (10th Cir. 2007). Plaintiff's vague allegations about an unknown, unspecified "mental illness" are insufficient to satisfy this requirement.

Further, even if plaintiff established that he was disabled for purposes of the ADA/RA, he fails to allege, let alone demonstrate, that he was excluded from any programs or services offered by the Detroit Board of Education "by reason of such disability." A plaintiff "must allege either that they are or are perceived to be handicapped within the definitions of each of the acts ... and that they were discriminated against on the basis of their disability." *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 277-79 (2d Cir. 2003) (holding that plaintiffs under the ADA must show that their exclusion from benefits occurred "by reason of [such] disability" by demonstrating that disability was a "substantial cause" of the exclusion). Plaintiff does not allege (in his complaint or the attached correspondence) that the defendants involved in his quest for the production and correction of his school records had any awareness of his purported disability. Thus, plaintiff's complaint fails to satisfy this requirement.

    E.    <u>Michigan Freedom of Information Act</u>

Plaintiff's only remaining claim, brought under the MFOIA is based solely on state law and does not establish subject matter jurisdiction. A federal district court has original subject-matter jurisdiction for claims exhibiting either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Without a viable federal cause of action, plaintiff must show that he satisfies the requirements for diversity jurisdiction. It appears that plaintiff is a resident of the state of Alabama and all defendants appear to be residents of the state of Michigan. However, with the MFOIA as plaintiff's sole claim, the undersigned suggests that he cannot establish that his damages will exceed $75,000. The remedies under Mich. Comp. Laws § 15.240 are limited to the disclosure of the records sought and a penalty of $500 if the court determines that the public body arbitrarily and capriciously violated the act. In addition, the court has discretion to award costs and attorney fees to the prevailing party. *Id*. The undersigned suggests that plaintiff's complaint for violations of the MFOIA fails to meet the minimum jurisdictional requirement of more than $75,000 in controversy.

F. <u>Conclusion</u>

Thus, the undersigned suggests that this matter be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that this matter be **DISMISSED** for failure to state a claim and want of jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: March 17, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on March 17, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Wendell Dwayne O'Neal, 126 Mills Creek Crossing, Madison, AL 35758.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov